# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | No. |
| Plaintiff, | ) ) | |
| v. | ) ) | CLASS ACTION |
| UNITED CONCORDIA COMPANIES, INC. and JOHN DOES 1-5, | ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Brian J. Lyngaas, D.D.S., P.L.L.C. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly-situated and, except as to those allegations pertaining to Plaintiff or its attorneys, alleges the following upon information and belief against defendant United Concordia Companies, Inc. ("Defendant"):

## PRELIMINARY STATEMENT

1.    On behalf of itself and the other members of the class, Plaintiff alleges claims and seeks statutory damages and other relief arising under the Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA").

2.    Plaintiff has received at least two unsolicited facsimiles from Defendant advertising the commercial availability or quality of property, goods, or services. One advertised personal protective equipment available from a company called Prophy Magic. The other advertised recycling goods and services available from a company called Dental Recycling North America. True and correct copies of these two facsimiles are attached as <u>Exhibit A</u> and <u>Exhibit B</u>.

3.    The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits any person or entity to send any "unsolicited advertisement" by facsimile.

4.    An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

5.    Defendant did not obtain Plaintiff's prior express invitation or permission to send advertisements by fax.

6.    An unsolicited advertisement sent by facsimile based on an "established business relationship" must include on its first page a specific, clear, and conspicuous opt-out notice, or else it violates the

TCPA. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

7.    Exhibit A and Exhibit B have no opt-out notice.

8.    The TCPA provides a private right of action and provides minimum statutory damages of $500 per violation. If the Court finds an advertisement was sent knowingly or willfully, then the Court can increase the damages up to three times, or $1,500. 47 U.S.C. § 227(b)(3).

9.    Unsolicited faxes cause concrete damage to their recipients, such as wasting the recipient's valuable time, interrupting the recipient's privacy, tying up telephone lines, preventing fax machines from receiving authorized faxes, preventing the use of fax machines from sending outgoing faxes, wasting the recipient's paper and ink toner printing the sender's advertising material, causing undue wear and tear on fax machines, and requiring additional labor to attempt to discern the source and purpose of the unsolicited message.

10.    On behalf of itself and all others similarly-situated, Plaintiff seeks statutory damages and other relief for each of Defendant's violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action and continuing until the Court orders notice to the class.

## PARTIES, JURISDICTION AND VENUE

11.    Plaintiff, Brian Lyngaas, D.D.S., P.L.L.C., is a dental practice located at 18518 Farmington Road, Livonia, MI 48152, which is in Wayne County, Michigan.

12.    Defendant, United Concordia Companies, Inc., is a Pennsylvania corporation with its headquarters located at 4401 Deer Path Road, Harrisburg, PA 17110.

13.    John Does 1-5 are other persons liable as "senders" of some or all of the facsimiles at issue. Plaintiff does not yet know who other than Defendant caused the facsimiles to be sent.

14.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

15.    Personal jurisdiction exists over Defendant in Michigan because Defendant has transacted business and committed tortious acts within the State.

16.    Venue is proper in the Eastern District of Michigan, Southern Division, because Defendant committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

17.    Defendant has sent unsolicited advertisements by facsimile to Plaintiff and a class of similarly-situated persons.

18.    Plaintiff has received at least two unsolicited advertisements by facsimile from Defendant. Plaintiff intends to discover all of the various unsolicited advertisements Defendant sent by fax. *See* Exhibit C, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

19.    Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

20.    Exhibit A is a one-page document that Plaintiff received by facsimile on or about October 7, 2020.

21.    Exhibit A advertises the commercial availability or quality of "Personal Protective Equipment" ("PPE") made or distributed and available for purchase from a company called Prophy Magic.

22.    According to its website, Prophy Magic "provides superior products and service to the dental industry. With over 20 years of experience in disposable dental products, Prophy Magic has grown into a major contributor to the dental industry."

https://www.prophymagic.com/about-us/ (last visited 7/9/21).

23.   Defendant did not obtain Plaintiff's express invitation or permission before sending an advertisement for Prophy Magic's goods or services by facsimile.

24.   Exhibit A does not include an opt-out notice.

25.   Exhibit B is a true and correct copy of a one-page document Plaintiff received by facsimile on or about March 2, 2021.

26.   Exhibit B advertises the commercial availability or quality of chairside amalgam recycling buckets and other "recycling solutions" from Dental Recycling North America ("DRNA").

27.   According to its website, DRNA is a "leading provider in North America of dental waste management and recycling." https://www.drna.com/ (last visited on July 9, 2021).

28.   Defendant did not obtain Plaintiff's prior express invitation or permission to send an advertisement for DRNA's goods or services by facsimile.

29.   Exhibit B does not include an opt-out notice.

30.   Plaintiff received Exhibit A and Exhibit B on a fax machine that automatically printed it to paper.

31.    On information and belief, Defendant sent <u>Exhibit A</u>, <u>Exhibit B</u>, and other unsolicited advertisements by facsimile to more than 40 persons. This allegation is based, in part, on the fact that <u>Exhibit A</u> and <u>Exhibit B</u> are generic form faxes with graphics and trademarks and no personal information, that sending advertisements in bulk by fax is an inexpensive way to reach a wide audience, and that the faxes attached as <u>Exhibit A</u> and <u>Exhibit B</u> have no opt-out notice.

32.    Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant's unlawful advertisements. Their fax machines are ready to send and receive their urgent business communications, or private communications about patients' dental needs, not to receive junk faxes.

## CLASS REPRESENTATION ALLEGATIONS

33.    Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly-situated and initially defined as follows:

> All persons who were sent one or more unsolicited advertisements by facsimile from United Concordia.

34.    Plaintiff anticipates modifying the proposed class definition—including proposing subclasses if appropriate—after discovery about the scope of Defendant's fax advertising practices as well as discovery as to

any potential affirmative defenses Defendant may plead.

35.   Excluded from the class are Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers and directors, Defendant's legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, and his or her family.

36.   On information and belief, Defendant's fax advertising campaigns involved other substantially-similar advertisements that were also sent without the opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery. *See* Exhibit C, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

37.   This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23. This action satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23(b)(1)(A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method

to adjudicate this controversy under Rule 23(b)(3).

38. **Numerosity/Impracticality of Joinder**: On information and belief, the class includes more than forty persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties.

39. **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any question affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

   a.   Whether Defendant sent unsolicited advertisements by fax;

   b.   Whether Defendant's faxes advertised the commercial availability or quality of any property, goods, or services;

   c.   The manner and method Defendant used to compile or

obtain the list(s) of fax numbers to which it sent advertisements by fax;

d. Whether Defendant faxed advertisements without first obtaining the intended recipients' express invitation or permission to do so;

e. Whether Defendant included a clear and conspicuous opt-out notice on the first page of advertisements it sent by fax;

f. Whether Defendant is directly or vicariously liable for violating the TCPA;

g. Whether Plaintiff and the other class members are entitled to statutory damages;

h. Whether the Court should treble the statutory damages; and

i. Whether Defendant should be enjoined from sending unsolicited advertisements by fax in the future.

40. **Typicality of Claims**: Plaintiff's claims are typical of the claims of the other class members because all were injured by the same wrongful practices. Plaintiff and the members of the class received Defendant's unsolicited advertisements by facsimile. If Plaintiff prevails

on its claims, then the putative class members will prevail as well.

41. **Adequacy of Representation**: Plaintiff is an adequate representative of the class. Plaintiff's interests do not conflict with the interests of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

42. **Prosecution of Separate Claims Would Yield Inconsistent Results**: Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendant to operate under if or when class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

43. **A Class Action is the Superior Method of Adjudicating the Common Questions of Law or Fact that Predominate over Individual**

**Questions**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

44.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45.   Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

46.   The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement

12

to a telephone facsimile machine….” 47 U.S.C. § 227(b)(1).

47. The TCPA defines “unsolicited advertisement,” as “any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission.” 47 U.S.C. § 227(a)(4).

48. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)   Both such actions.

47 U.S.C. § 227(b)(3).

49. In relevant part, the TCPA states that “[t]he [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection ... in implementing the requirements of this subsection, the Commission shall provide that a notice contained

in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (i) the notice is clear and conspicuous ..." 47 U.S.C. § 227(b)(2)(D)(i).

50.  Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful ..." 47 U.S.C. § 227(b)(2)(D)(ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200(a)(4)(iii)(B).

51.  The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice ..." 47 U.S.C. § 227(b)(2)(D)(iv).

52.  "A notice contained in an unsolicited advertisement complies

with the requirements under this subparagraph only if ... (v) the telephone and facsimile machine numbers and the cost-free mechanism ... permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227(b)(2)(D)(v).

53.    The FCC's regulations of opt-out notices on facsimile advertisements are set forth at 47 C.F.R. § 64.1200(a)(4)(iii).

54.    Exhibit A is an unsolicited advertisement Defendant sent or caused to be sent by fax.

55.    Exhibit B is an unsolicited advertisement Defendant sent or caused to be sent by fax.

56.    Plaintiff intends to discover and include within this case all unsolicited advertisements Defendant sent by fax.

57.    Defendant violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and, to the extent Defendant will contend it sent the facsimiles based on "established business relationship," by failing to include the clear, conspicuous, and content-rich opt-out notice on the first page of each facsimile.

58.    Facsimile   advertising   imposes   burdens   on   unwilling

15

recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients know how to prevent and avoid future fax transmissions of advertising material, and to provide the various cost-free means Congress required to be made available to do so. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the recipients are unable to stop the burdens imposed by this form of advertisement.

59.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were negligent.

60.    Defendant is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

61.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to send advertisements by facsimile and that

Defendant's faxes did not display the opt-out notice required by the TCPA (including the FCC's regulations).

62.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines and wasted valuable time. Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of the faxes occurred outside Defendant's premises.

63.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

64.    The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

WHEREFORE, Plaintiff, individually and on behalf of all others

similarly situated, demands judgment in its favor and against Defendant, as follows:

> A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

> B.     That the Court award $500.00 in statutory damages for each of Defendant's violations of the TCPA;

> C.     That the Court treble the statutory damages to $1,500 per violation if it finds that Defendant knowingly or willfully violated the TCPA;

> D.     That the Court enter an injunction prohibiting Defendant from sending advertisements by fax without first demonstrating that it has obtained express invitation or permission to fax advertisements or included the required opt-out notice on each advertisement sent by fax to a person with whom Defendant has an established business relationship; and

> E.     That the Court award costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
        One of their attorneys

Phillip A. Bock
BOCK HATCH & OPPENHEIM, LLC
134 N. La Salle Street, Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
Email: service@classlawyers.com

Richard E. Shenkan
SHENKAN INJURY LAWYERS, PLLC
6550 Lakeshore Street
West Bloomfield, MI 48323
Telephone: 1-800-601-0808
Facsimile: 1-888-769-1774
Email: rshenkan@shenkanlaw.com