UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LYNGAAS,

          Plaintiff,

v.

UNITED CONCORDIA
COMPANIES, INC., et al.,

          Defendants.
_____/

Case No. 2:21-cv-11604

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION TO DISMISS [4]

Plaintiff Brian Lyngaas sued Defendant United Concordia Companies for violating the Telephone Consumer Protection Act. ECF 1. Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 4. After reviewing the parties' briefs, the Court will not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will deny the motion to dismiss.

Plaintiff alleged that he "received at least two unsolicited advertisements by facsimile from Defendant." ECF 1, PgID 5; ECF 1-1; 1-2. Plaintiff also alleged that he did not give Defendant "permission to send advertisements to [his] fax machine." ECF 1, PgID 5. The first advertisement promoted a personal protective equipment discount for United Concordia dentists. ECF 1-1, PgID 21. The advertisement also noted that United Concordia's "network dentists' contracts prohibit billing United Concordia patients for [personal protective equipment]." *Id.*

1

Defendant moved to dismiss because it claimed that Plaintiff failed to provide it with written notice of the dispute about the unsolicited fax messages based on Defendant's "Provider Dispute Mechanism." ECF 4, PgID 45. Because Plaintiff agreed to follow the "Provider Dispute Mechanism," and because the dispute resolution process is binding and enforceable, Defendant requested that the Court dismiss Plaintiff's claims. *Id.* at 45–49. Although the agreement between Plaintiff and Defendant was not attached to the complaint, Defendant attached it to the motion to dismiss, along with a document explaining the "Provider Dispute Mechanism." ECF 4-2; 4-3.

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

2

Ordinarily, the Court cannot consider matters beyond the complaint when reviewing a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citation omitted). Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the [C]ourt, the motion must be treated as one for summary judgment." But the Court may rely on "facts from the exhibits attached to the complaint," when "the complaint refers to them and they are 'central to the claims' in it." *MacDonald v. Thomas M. Cooley L. Sch.*, 724 F.3d 654, 657 (6th Cir. 2013) (quoting *Bassett*, 528 F.3d at 430).

The Court cannot rely on the exhibits attached to the motion to dismiss, and thus the Court must deny the motion. The documents upon which Defendant relies are not referenced in the complaint. The unsolicited facsimile stated only that "it's important to note that our network dentists' contracts prohibit billing United Concordia patients for [personal protective equipment]." ECF 1-1, PgID 21. The statement never mentioned a contract Plaintiff signed with Defendant. *See id.* And the rest of the complaint never mentioned any specific contract that Plaintiff had with Defendant or that he was an in-network dentist. *See generally* ECF 1; *Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, --- F. Supp. 3d ---, 2021 WL 3510834, at *2 (E.D. Mich. Aug. 10, 2021) (Murphy, J.) (holding that the Court could not look at contracts not mentioned in the complaint when the complaint "framed the entire dispute" as about another document). At bottom, the documents that Defendant cited are not part of the pleadings. The issues about whether the parties have a contractual relationship and, if so, what the relationship entailed, are more

3

appropriate to promptly resolve at the summary judgment stage. Because the motion to dismiss hinges on documents outside the pleadings that the Court cannot rely on, the Court must deny the motion to dismiss.

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [4] is **DENIED**.

SO ORDERED.

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: February 7, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager